**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH WILLIAMS,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civ. No. 17-4446** |
| | : | |
| **MARK GARMAN, et al.,** | : | |
| **Respondents.** | : | |

## O R D E R

On September 24, 2017, state prisoner Kenneth Williams sought federal *habeas* relief, alleging ineffective assistance of counsel.  (Doc. No. 1); 28 U.S.C. § 2254.  I referred his Petition to Magistrate Judge Heffley, who recommends denying relief because Williams's claim is procedurally defaulted and meritless.  (Doc. No. 5, 18.)

No objections to the Report and Recommendation have been made.  (Doc. No. 20.) Accordingly, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made).

Having reviewed the Report, I see no clear errors.  Williams argues that his trial counsel should have objected to the trial judge's alleged failure to review the elements of his offenses during his plea colloquy.  (§ 2254 Pet., Doc. No. 1.)  Williams did not, however, raise this claim in state court.  See Tome v. Stickman, 167 F. App'x 320, 322 (3d Cir. 2006) ("A state prisoner must exhaust his state court remedies before a federal court may grant him habeas relief." (quotation omitted)); see also McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).

Moreover, Williams has not shown that his claim has "some merit," or that his PCRA counsel's failure to raise this claim fell below an objective standard of reasonableness.  See

<u>Workman v. Superintendent Albion SCI</u>, 915 F.3d 928, 941 (3d Cir. 2019) (citing <u>Martinez v. Ryan</u>, 566 U.S. 13–19 (2012)); <u>see also</u> <u>Miller-El v. Cockerell</u>, 537 U.S. 322, 327 (2003).  To the contrary, the record contains both written and oral colloquies in which Williams stated under oath that he reviewed the elements of his offenses with his trial counsel—with whom he was satisfied. (<u>See</u> Ex. A to Order, <u>Commonwealth v. Williams</u>, CP-51-CR-00005462-2013 (Phila. C.P. Ct.); <u>see also</u> July 14, 2014 Plea Hr'g Tr., Doc. No. 17-2; July 10, 2014 Hr'g Tr., Doc. No. 17-1.)

In these circumstances, I will adopt Judge Heffley's Report and Recommendation and deny Williams's request for relief.  Because his claim is meritless, I will also deny Williams's Motion for appointment of counsel.

**AND NOW**, this 16th day of April, 2019, upon careful and independent consideration of Kenneth Williams's Petition for Writ of Habeas Corpus (Doc. No. 1), Williams's Motion for Appointment of Counsel (Doc. No. 16), Respondents' Response to Petition (Doc. No. 17), Judge Heffley's Report and Recommendation (Doc. No. 18) to which there are no objections, and available state court records, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 18) is **APPROVED and ADOPTED**

2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED with prejudice**;

3. Williams's Motion for Appointment of Counsel (Doc. No. 16) is **DENIED**;

4. A Certificate of Appealability shall **NOT ISSUE**.  <u>See</u> 28 U.S.C. § 2253(c)(1)(A); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); and

5. The **CLERK OF COURT** shall **CLOSE** this case.

**AND IT IS SO ORDERED**.

*/s/ Paul S. Diamond*

_____

Paul S. Diamond, J.